Joan REYES, et al., Plaintiffs,

v.

James EDMUNDS et al., Defendants.

No. 3–76–Civ–155.

United States District Court,
D. Minnesota,
Third Division.

July 27, 1976.

**650**

Paul Onkka, Legal Assistance of Ramsey County, St. Paul, Minn., for plaintiffs.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Thomas H. Jensen, Special Asst. Atty. Gen., St. Paul, Minn., for defendant Vera J. Likins.

William B. Randall, Ramsey County Atty., and Darrell C. Hill, Asst. Ramsey County Atty., St. Paul, Minn., for all other defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiffs have, on behalf of themselves and all others similarly situated, brought this lawsuit seeking a declaration that certain actions and policies of the State Department of Public Welfare, the Ramsey County Welfare Department, and certain state and county officials, violate the Social Security Act, the Minnesota Privacy Act, Minn.Stat. § 15.162 *et seq.* (Supp.1975) and rights guaranteed by the Fourth Amendment. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1343(3) and (4).

AFDC recipients living in a "shared household" will receive a smaller grant than a recipient living in a "non-shared household," all other things being equal. A shared household is defined in the *Department of Public Welfare AFDC Program Manual* as:

One in which one or more eligible persons for the AFDC program lives with (1) one or more non-eligible (AFDC) persons in that household . . . . .

In order to insure that recipients of non-shared household grants are in fact living in a non-shared household, Ramsey County Sheriff's deputies are sent to the homes of recipients to search for evidence which would indicate that they are living with non-eligible individuals. Plaintiffs contend that this violates their right to be secure from unreasonable searches and is in derogation of Congress' mandate to the states that "aid to families with dependent children shall . . . be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 602(a)(10). The last four counts of the complaint allege that defendants Likins and Macaulay failed to report to the Commissioner of Administration as required by Minn.Stat. § 15.163 (Supp.1975), that they and other defendants illegally collected, stored and used confidential data in violation of Minn.Stat. §§ 15.1641(b), 15.-1641(c) and 15.165 (Supp.1975).

Defendants Edmunds, Zuber, Dunkleberger, Gregg, Keena, Browning and Macaulay (Ramsey County defendants) have moved to dismiss contending that:

1. Macaulay has not been properly served;

2. the complaint fails to state a claim upon which relief can be granted;

3. the court lacks subject matter jurisdiction.

■ The affidavit of Darrell C. Hill, submitted in support of this motion, indicates that defendant Eugene Macaulay retired as Ramsey County Administrator over four months before this lawsuit started and that he has never been properly served. Therefore, Macaulay's motion to dismiss for insufficient service of process is granted.

■ It is clear that the claims under the Minnesota Privacy Act must be dismissed because the court lacks subject matter jurisdiction. Plaintiffs do not state whether

they contend that there is some independent ground for federal jurisdiction over these state law claims or whether they are pendent to their federal claims. Nevertheless, the court is convinced that plaintiffs cannot establish jurisdiction under either theory.

Although federal law required states to "provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of aid to families with dependent children," 42 U.S.C. § 602(a)(9), plaintiffs do not contend that this law has been violated. Rather they contend that defendants have violated the state law enacted to comply with § 602(a)(9).

In holding that there was no jurisdiction under § 1331, Judge Larson, when recently confronted with this identical problem, noted that "[e]ven though creation of this State law [the Privacy Act] was mandated by Congress . . . violation of the State law is a matter of State concern and raises no Federal question." *Morris v. Danna*, 411 F.Supp. 1300, 1306 (D.Minn.1976). Therefore, the court does not have jurisdiction under 28 U.S.C. § 1331 to resolve the state law claims raised in the complaint.

Plaintiffs might also contend that these state law claims are pendent to the federal claims raised. However, it is equally clear that this contention is without merit. Before a federal court may entertain state law claims, alleged to be within its pendent jurisdiction, it must determine not only that it has power to hear the claims but also that to hear them would be a sound exercise of judicial discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The Court in *Gibbs* said that a federal court has the power to hear a state law claim when a substantial federal claim is alleged and both state and federal claims "derive from a common nucleus of operative fact" and plaintiff "would ordinarily be expected to try them all in one judicial proceeding. . . ." *Id.* at 725, 86 S.Ct. at 1138. These requirements are regarded

as cumulative. C. Wright, A. Miller & E. Cooper, 13 *Federal Practice and Procedure* § 3567. Without deciding whether the state and federal claims derive from a common nucleus of operative fact, it is clear that the court lacks subject matter jurisdiction. Because the doctrine of res judicata would not bar trying these claims separately even if they were all federally created or all state created, the "would ordinarily be expected to try them all in one judicial proceeding" branch of the *Gibbs* test has not been satisfied. *Id.*

However, even if this court were to decide that it has the power to hear these state law claims, it should be obvious that the exercise of sound judicial discretion requires their dismissal. Among the considerations which should guide the courts in exercising this discretion are judicial economy, convenience and fairness to litigants, likelihood of jury confusion, and most important to this case, federal-state comity. *United Mine Workers of America v. Gibbs, supra*, at 726–27, 86 S.Ct. 1130. The state law claims in this lawsuit arise under a recent Minnesota Act, extensively amended by the legislature in 1975. No Minnesota Supreme Court decisions interpreting this new law have been called to the attention of the court. To decide these claims would be to disregard Judge Magruder's counsel, approved by the Supreme Court in *Gibbs*, that "[f]ederal courts should not be overeager to hold on to the determination of issues that might be more appropriately left to settlement in state court litigation." *Id.* n. 15.

In conclusion, the court holds that it does not have jurisdiction to hear the state law claims raised in counts 3–6 of the complaint. Even if this court did have jurisdiction, it would be a glaring example of judicial indiscretion to exercise that power.

Plaintiffs contend in count two that because defendants threatened to terminate or reduce AFDC benefits, and in some cases did actually terminate or reduce benefits, they are in violation of 42 U.S.C. § 602(a)(10). That section of the Social Security Act provides that "aid to families

652

with dependent children shall be furnished with reasonable promptness to all eligible individuals." The affidavits on file make it clear that the activities complained of do not delay the payment of AFDC benefits to eligible individuals. It is without question that under the Social Security Act, local authorities are empowered to establish their own reasonable eligibility requirements, *Jefferson v. Hackney*, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972), and that § 602(a)(10) only requires prompt payment to those eligible under local requirements. One of the local requirements, the reasonableness of which is not at issue, is that a non-shared household AFDC grant may be reduced if there is one or more non-eligible persons living in the recipient's home. The searches by Sheriff's deputies were to gather evidence to enable local authorities to determine whether the recipient "lives with and shares the living costs with one or more non-eligible (AFDC) persons  . . . ." While it is true that plaintiffs, in count one, challenge the legality of the searches, they do not challenge the shared household regulation.

If the evidence disclosed by these searches indicates that a recipient is not eligible for the non-shared household grant, there can be no complaint because payment is not prompt. Therefore, based on the pleadings and affidavits on file, defendants' motion to dismiss for failure to state a claim is treated as one for summary judgment and granted as to count two of the complaint.

■ Although the constitutional claim raised by plaintiffs in count one is the heart of this lawsuit, the court is unable to rule on it at this time. There are a number of serious problems not covered adequately by the parties' memoranda of law. Plaintiffs and county defendants are directed to submit supplemental memoranda outlining their positions on the problems raised in count one and the factual and legal arguments which support them. As a guide, but not as a limitation, the court suggests that the parties direct their attention to the following questions. First, plaintiffs must establish that they have standing to raise this constitutional question. Second, although defendants contend that these searches are sanctioned by the Supreme Court's holding in *Wyman v. James*, 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971), because it appears that they are factually and legally distinguishable from the conduct approved by the Court in *Wyman*, that contention is probably without merit.

IT IS ORDERED that:

1. defendant Macaulay's motion to dismiss for insufficient service of process is GRANTED;

2. defendants' motion to dismiss counts 3–6 for lack of subject matter jurisdiction is GRANTED;

3. defendants' motion for summary judgment on count 2 is GRANTED;

4. plaintiffs and county defendants are directed to lodge supplemental memoranda discussing the issues raised in count one.